[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-11392

Non-Argument Calendar

————————————————

SOHO OCEAN RESORT TRS, LLC,
A Delaware limited liability company,

Plaintiff-Appellant,

versus

DANIEL RUTOIS,
an individual,
KGA MANAGEMENT GROUP, LLC,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

2                    Opinion of the Court                    21-11392

D.C. Docket No. 0:19-cv-61335-AHS

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Soho Ocean Resort TRS, LLC appeals the district court's order dismissing its claims for tortious interference.  We reverse.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

This case arises from a contract between Soho and the 4111 South Ocean Drive Condominium Association, Inc.  Soho entered the contract to operate and manage the Hyde Resort—a hotel/condo resort governed by the condo association in Hollywood, Florida—soon after the resort began experiencing a number of problems.  Under the contract, Soho also manages and operates the only rental program sanctioned by the resort for its units.  Daniel Rutois is an owner of a condo in the resort who operates a competing rental program through KGA Management Group, LLC.

A few months after Soho began managing the resort, the condo association scheduled a member vote to terminate several of its major contracts, including Soho's.  The vote failed.  The condo association rescheduled the vote to accommodate its

_____

[1] The facts are taken as alleged in the operative complaint.

members who wanted to vote electronically, but that vote also failed. A third vote was set for three months later.

Before the third vote, Rutois set about campaigning against Soho's contract. Rutois's efforts included e-mails, flyers, in-person conversations, and beachside marketing to the resort's unit owners, residents, and guests. The third vote resulted in the termination of Soho's contract.

In the operative complaint, Soho sued Rutois and KGA for tortious interference. Soho's claims against Rutois included one count for tortious interference with a contract (Count I) and another for tortious interference with a business relationship (Count II). Soho's claim against KGA was for tortious interference with a contract (Count III). Count I was based on Rutois's efforts to terminate Soho's contract. Counts II and III were based on various things Rutois and KGA were doing in the meantime to undermine Soho's relationships with the resort's employees, unit owners, and guests.

Rutois and KGA moved to dismiss Soho's complaint on the ground that Soho failed to allege a cause of action for tortious interference under any count. Specifically, they argued that Soho failed to allege the prima facie elements of tortious interference as to Count I, that it failed to allege damages as to Count II, that Rutois enjoyed a qualified privilege against tortious interference as to Counts I and II, and that KGA's conduct didn't give rise to tortious

interference as to Count III.  The district court granted the motion and dismissed all counts with prejudice.[2]

## STANDARD OF REVIEW

We review de novo a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).

## DISCUSSION

The threshold for surviving a motion to dismiss for failure to state a claim under rule 12(b)(6) is a low one.  *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 995 (11th Cir. 1983).  A plaintiff must plead only enough facts, all of which are accepted as true, to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007).  In other words, a plaintiff must provide the

---

[2] On appeal, we determined that the operative complaint didn't allege the identity and citizenship of each member of Soho and KGA at the time suit was filed.  We remanded the case to the district court for the limited purpose of determining the citizenship of the parties to establish whether diversity jurisdiction existed.  The district court found that, when the suit was filed, Soho's sole member was MHI LLC, whose sole member was MHI Inc., a Maryland corporation with its principal place of business in Virginia; that KGA's sole member was Sara Peremolnik, a Florida citizen; and that Rutois was a Florida citizen.  Based on these findings, we find that the parties were completely diverse, so we have jurisdiction to hear this appeal.

grounds for his entitlement to relief but needn't include detailed factual allegations. *Id.* at 555. Overall, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (alteration omitted).

We conclude that Soho met this low threshold. Soho's operative complaint provided all that Rutois and KGA needed to give them fair notice of Soho's claims and their grounds.

Under Florida law, to state a claim for tortious interference with a contract, a plaintiff must allege four elements: (1) the existence of a contract, (2) the defendant's knowledge thereof, (3) the defendant's intentional and unjustified procurement of a breach thereof; and (4) damages. *Sun Life Assurance Co. of Canada v. Imperial Prem. Fin., LLC*, 904 F.3d 1197, 1215 (11th Cir. 2018). Similarly, to state a claim for tortious interference with a business relationship, a plaintiff must allege four elements: (1) the existence of a business relationship, (2) the defendant's knowledge thereof; (3) the defendant's intentional and unjustified interference therewith; and (4) damages. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994). Soho's operative complaint alleged facts that, if taken as true, established each element of its claims against Rutois and KGA sufficiently for pleading purposes.

### A.    *Count I*

As to Count I, Soho alleged that Rutois made false statements to the resort's unit owners, residents, and guests with the intent to induce the condo association, through its owners, to

terminate its contractual agreement with Soho. These statements included that Soho may start charging a resort and parking fee to unit owners' friends and family; that Soho cannot be trusted as the manager to hire financial auditors, engineers, and counsel for the Hyde Resort; that Soho had a conflict of interest; that Soho extended an illegal bribe to unit owners; and that Soho engaged in discriminatory conduct, is racist, and underestimates the intelligence of Hispanic people.

The district court, focusing on the third element (the defendant's intentional and unjustified procurement of a breach), found that "[t]he problem with each of these allegations is the same: the [second] amended complaint does not allege that Rutois actually made any of these statements." This was the same problem we found in *Duty Free Americas, Inc. v. Estée Lauder Cos. See* 797 F.3d 1248, 1281 (11th Cir. 2015) ("As we see it, the problem with each of these allegations is the same: the complaint does not allege that Estée Lauder actually made any of these statements."). There, the plaintiff indeed failed to allege that the defendant made any statements at all that directly supported the plaintiff's claims. *Id.* at 1281. Instead, the plaintiff asked the court to infer the requisite intent from various benign communications between the parties. *Id.* In stark contrast, Soho not only alleged that Rutois made these statements; he provided details about the contents of the statements, how the statements were communicated, to whom the statements were directed, and the dates the statements were made. We find these allegations more than adequate at the pleading stage.

The district court found that it was "[m]ore telling" that "Soho[] fail[ed] to attach a single exhibit showcasing the statements purportedly written by Rutois, including the alleged e-mail," which was "not even incorporated by reference in the" operative complaint. But this is not a proper ground for dismissal because the Federal Rules of Civil Procedure permit, but don't require, the attachment of relevant exhibits to the complaint. *See* Fed. R. Civ. P. 10(c).

Finally, the district court found that Rutois had the requisite financial interest in the condo association, as its president, to invoke the affirmative defense of privilege. "Generally, the existence of an affirmative defense will not support a motion to dismiss. Nevertheless, a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays Am./Credit*, 727 F.2d 1067, 1069 (11th Cir. 1984). Because no allegation in Soho's operative complaint indicated that Rutois had any relationship at all with the condo association, this exception doesn't apply. As such, the affirmative defense of privilege is unavailable at this stage of the proceedings. More factual development is necessary to establish whether Rutois's alleged actions were taken in his capacity as an agent of the condo association, in his capacity as an agent of Soho's competitor, or in his personal capacity.

### B.    Count II

As to Count II, Soho alleged that Rutois engaged in conduct designed to interfere with Soho's business relationships with its employees at the Hyde Resort.  Specifically, Soho alleged that Rutois told Soho's employees that they must follow his orders and directives or face the consequences; that he was rude to and made unreasonable demands of Soho's employees; that he denigrated Soho's employees by speaking to them in a condescending, malicious, humiliating, or threatening manner, to include continually threatening Soho's employees with loss of employment; that he constantly bullied valet staff; that he threatened to terminate the resort's valet parking manager's employment; that he encouraged other unit owners at the Hyde Resort to similarly threaten Soho's staff; and that he once called local law enforcement officers on members of the staff.  Soho alleged that as a direct and proximate result of Rutois's improper conduct, Soho lost trained staff and suffered income loss.

The district court found these allegations to be "vague" and "insufficient to state a claim for tortious interference that is plausible on its face."  We disagree.  Soho alleged a legitimate business relationship—namely, its employment relationship with members of its staff. *See Florida Power & Light Co. v. Fleitas*, 488 So. 2d 148, 152 (Fla. 3d DCA 1986) ("Intentional interference with a contractual employment relationship—even one, as here, which is terminable at will—is actionable in Florida.").  It alleged that Rutois knew of the relationship and intentionally and unjustifiably

21-11392                Opinion of the Court                9

interfered with it.  And it alleged that the relationship was damaged when employees resigned as a result of Rutois's actions.  Nothing more is needed at the pleading stage.  Rule 8's pleading standards do not support the district court's finding that Soho is required, at this time, to "name[] any of the employees Rutois reportedly interfered with" or to attach any supporting documentation to the operative complaint.  These details will emerge in discovery.

### C.     Count III

As to Count III, Soho alleged that KGA set up shop on resort premises and proceeded to engage in various marketing practices and activities targeting unit owners whom they knew to be participants of the Soho rental program, with the intent of inducing them to participate in KGA's competing rental program.  This is a closer call than in Count I against Rutois, whose alleged actions leave little doubt regarding their propriety.  But Soho alleged that KGA violated various industry norms and resort policies by operating an unsanctioned competitor to Soho within the resort, by commandeering Soho's resources and employees for its benefit, by advertising artificially lower rates, by using proprietary and trademarked resort materials without authorization, and by hiring an employee to solicit unit owners to participate in its rental program.  "'[W]hen there is room for different views' about the propriety of a defendant's interference with a plaintiff's business relationships," as there is here, "'the determination of whether the interference was improper or not is ordinarily left to the jury.'" *Duty Free Ams.*, 797 F.3d at 1280 (quoting *Mfg. Rsch. Corp. v. Greenlee Tool Co.*, 693

F.2d 1037, 1040 (11th Cir. 1982)).  We therefore find that Soho's allegations are sufficient to pass the pleading threshold.

## CONCLUSION

Because Soho has met the low bar of notice pleading, we reverse the district court's order dismissing its claims and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**